■ LORAL SPACE & COMMUNICATIONS HOLDINGS CORPORATION, Respondent, v RAINBOW DBS HOLDINGS, INC., et al., Appellants. [852 NYS2d 77]—

Judgment, Supreme Court, New York County (Helen E. Freedman, J.), entered March 12, 2007, after a jury trial, awarding plaintiff damages in the total amount of $52,158,762.27, unanimously affirmed, with costs. Order, same court and Justice, entered April 5, 2007, which denied defendants' motion to set aside the verdict, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered May 2, 2007, denying defendants' motion to vacate or correct the judgment on the ground that it was improperly entered against defendant Cablevision Systems Corporation, unanimously dismissed, without costs, as abandoned.

The court properly declined to set aside the verdict as against the weight of the evidence as it is apparent that based upon a fair interpretation of the evidence (see *McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [2004]), the jury could have reasonably determined that defendants sold "substantially all" of the assets of Rainbow DBS so as to trigger their obligation to plaintiff under the "make whole payment" provision in the parties' 2001 letter agreement. The court's jury instruction as to the definition of "substantially all" of the assets was appropriate, consistent with the law (see *Sharon Steel Corp. v Chase Manhattan Bank, N.A.*, 691 F2d 1039, 1049 [1982], *cert denied* 460 US 1012 [1983]), and did not prejudice defendants. Nor is there a basis upon which to set aside the verdict based upon the trial court's evidentiary rulings.

We have considered defendants' remaining contentions and find them unavailing. Concur—Tom, J.P., Nardelli, Williams and McGuire, JJ.